# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| REINA LLANOS, | Case No.: |
| Plaintiff | |
| v. | |
| DAVID P. STEINER, POSTMASTER GENERAL, U.S. POSTAL SERVICE | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Reina Llanos ("Plaintiff"), by and through her undersigned counsel, and brings this action for damages against the Defendant, David P. Steiner, as Postmaster General of the U.S. Postal Service ("USPS" or "Defendant" or "Agency"), and alleges as follows:

## SUMMARY OF THE ACTION

1. This is an action for employment discrimination and retaliation brought by a USPS employee under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

2. Plaintiff, a Hispanic female, was subjected to materially adverse employment actions after she engaged in protected Equal Employment Opportunity

("EEO") activity, including denial of training, placement on administrative leave, demotion, loss of pay and status, and denial of full-time conversion, and was all together being treated differently when compared to other similarly situated employees who are not of her protected classes.

3. As a result of this discrimination and retaliation, Plaintiff is seeking all available remedies, including back pay and benefits, and other compensatory damages, as well as her attorney's fees and expenses.

## JURY TRIAL DEMAND

4. Under Fed. R. Civ. P. 38 (b), Plaintiff hereby demands trial by jury on all issues triable to a jury of the within action, including this Complaint, and any further pleadings.

## PARTIES

5. Plaintiff, Reina A. Llanos, is a citizen of the United States, is a Hispanic female, a resident of Pasco County, Florida, and is an employee of the USPS at the Tampa, FL Processing & Distribution Center (P&DC), employed in the position of Tractor Trailer Operator (TTO).

6. Defendant, David P. Steiner, is sued in his official capacity as the current Postmaster General of the U.S. Postal Service, an agency of the United States, and Plaintiff's employer.

## JURISDICTION AND VENUE

7. This action arises under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991.

8. This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1391(e), 28 U.S.C. §§ 1331 *et seq.* (federal question) and 1343 (civil rights), and 42 U.S.C. § 2000e-16(c).

9. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(e), and Defendant is subject to the personal jurisdiction of this Court in the Middle District of Florida because Defendant maintains facilities and business operations in this District, and all or most of the events and issues giving rise to this action occurred in this District in Tampa, FL. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f).

10. Venue is further proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) and (d) and under 42 U.S.C. Section 2000e-5(f)(3), as Plaintiff is employed by Defendant in Tampa, FL, where the alleged offenses and injuries occurred, and Plaintiff's employment records are maintained by Defendant in this judicial District and Division.

## STANDING

11. Plaintiff has exhausted her required administrative remedies under 42 U.S.C. § 2000e-16(c), per the Equal Employment Opportunity Commission

(EEOC) decision dated November 18, 2025, for her Office of Federal Operations (OFO) decision for her appeal under Appeal No. 2025003251 (Agency Case NO 1I-358-0026-23/EEOC No. 510-2024-00061X).

12. Plaintiff timely exhausted her administrative remedies through EEOC Case No. 510-2024-00061X / USPS Agency Case No. 1I-358-0026-23, including filing a formal EEO complaint on July 27, 2023, and subsequently electing an EEOC hearing.

13. This action is timely filed within ninety (90) days of final agency action, or alternatively more than 180 days have elapsed since the filing of Plaintiff's formal EEO complaint without final resolution.

14. Pursuant to 29 C.F.R. §1614.407(b), Plaintiff is authorized to file this civil action in an appropriate U.S. District Court.

## FACTUAL ALLEGATIONS

### A. *Plaintiff's Background, Qualifications, and Reassignment*

15. Plaintiff has decades of service with USPS and prior experience operating commercial vehicles, including possession of a valid Commercial Driver's License ("CDL").

16. Plaintiff sought reassignment through USPS's formal reassignment process, which is governed by agency policy and collective bargaining agreements.

17. Effective March 25, 2023, USPS approved Plaintiff's reassignment

and promotion to the position of Tractor Trailer Operator ("TTO"), PS-08, at the Tampa Processing and Distribution Center ("Tampa P&DC").

18. The reassignment was memorialized by a PS Form 50 identifying the action as a "Reassignment Promotion".

19. Under USPS policy, approved reassignments are final once effective, and Plaintiff relied on this approval in relocating and accepting the position.

### B. Plaintiff Was the Only Female TTO and a Member of Protected Classes

20. At all relevant times, Plaintiff was one of the only female TTOs at the Tampa P&DC.

21. The majority of TTOs at the facility were male and outside Plaintiff's protected classes of sex and race/national origin.

### C. Plaintiff Requested Training Routinely Provided to Male Employees

22. Upon reporting for duty, Plaintiff requested training and orientation customarily provided to employees reassigned to a new facility and fleet.

23. Plaintiff's request was consistent with USPS practice and the training histories of male TTOs.

24. Despite these requests, Plaintiff was denied orientation, vehicle familiarization, and safety training routinely provided to male coworkers, including tractor-trailer orientation, axle configuration training, backing and observation training, and refresher driver training.

25. USPS training records show that male TTOs received documented

training, while Plaintiff's Individual Training Record was incomplete and lacked required acknowledgments.

### D. Management Scrutinized Plaintiff's Qualifications

26. Rather than provide training, management officials Darren Smith (Supervisor) and DeLaun Jordan (Manager) questioned Plaintiff's qualifications shortly after her arrival.

27. On May 24, 2023, management demanded that Plaintiff produce written proof of her driving qualifications and experience.

28. Male TTOs were not subjected to similar retroactive qualification demands.

29. Management threatened that Plaintiff would be sent back to Texas if she could not satisfy these demands.

### E. Protected EEO Activity and Management Knowledge

30. On May 24, 2023, Plaintiff contacted the USPS EEO office and complained that she was being treated differently than male coworkers.

31. Plaintiff participated in an EEO counseling interview on May 31, 2023.

32. Management officials involved in the challenged actions were aware of Plaintiff's protected activity no later than May 31, 2023.

### F. Administrative Leave Without Due Process

33. On May 31, 2023, shortly after management became aware of Plaintiff's EEO activity, Plaintiff was sent home and placed on administrative leave.

34. Plaintiff received no written notice, explanation, or opportunity to respond prior to being placed on leave.

35. USPS created no contemporaneous documentation justifying Plaintiff's removal from duty.

### G. USPS Claimed Plaintiff "Failed Training" After Denying Training

36. After placing Plaintiff on leave, USPS asserted that Plaintiff failed Driver Safety Instructor ("DSI") training.

37. This assertion is contradicted by the record, which reflects that Plaintiff was denied the same preparatory training afforded to male employees.

38. Plaintiff's training documentation was incomplete, inconsistently maintained, and deviated from USPS standards.

### H. Demotion Without Notice or Consent

39. On or about June 6, 2023, USPS demoted Plaintiff from TTO PS-08 to Motor Vehicle Operator ("MVO") PS-07.

40. Plaintiff did not voluntarily accept this demotion.

41. USPS failed to provide a notice of proposed action, statement of reasons, opportunity to respond, or decision letter.

42. The demotion resulted in loss of pay, status, and opportunities.

43. USPS later claimed the reassignment had been a "mistake" due to alleged experience deficiencies, despite its prior approval and Plaintiff's qualifications.

### I. Disparate Treatment of Comparator Employees

44. Male TTOs at the Tampa P&DC were provided training, were not placed on administrative leave, and were not demoted.

45. None of Plaintiff's male comparators were subjected to retroactive qualification challenges after reassignment.

### J. Full-Time Status and Seniority Disparities

46. In September 2023, Plaintiff was informed that she had been classified as full-time regular, only for USPS to later rescind that status.

47. On October 14, 2023, a less senior male employee was converted to full-time while Plaintiff was not.

48. USPS offered inconsistent explanations for this disparity.

### K. Retaliatory Causation and Pretext

49. The adverse actions against Plaintiff occurred within days or weeks of her protected activity.

50. USPS's explanations shifted over time and are contradicted by training records, policy deviations, and comparator evidence.

### L. Reinstatement Undermines USPS's Narrative

51. In late 2023, USPS permitted Plaintiff to retake DSI training.

52. Plaintiff successfully passed and was reinstated as a TTO effective January 13, 2024.

53. Plaintiff's reinstatement undermines USPS's claim that she was inherently unqualified or a safety risk.

### M. Harm to Plaintiff

54. As a direct and proximate result of Defendant's actions, Plaintiff suffered lost wages, emotional distress, reputational harm, and loss of opportunities.

## Count No. 1
## Violations of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.
## (Unlawful Discrimination Based on Sex)

55. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs (1-54) of this Complaint with the same force and vigor as if set out here in full.

56. Plaintiff is a member of a protected class (female).

57. Plaintiff was qualified for her position.

58. Plaintiff suffered adverse employment actions and During Plaintiff's employment, Defendant engaged in unlawful discriminatory employment practices by discriminating against her with respect to the terms and conditions of her

employment based on her sex.

59. The unlawful employment practices include, without limitation, disparate treatment, denying her training, placing her on administrative leave, demoting her pay, improperly without due process to a lower pay grade, reassigning her from a full-time regular employee to a part-time employee, and subjecting her to a hostile work environment because of Plaintiff's sex.

60. Other similarly situated employees who were not of sex or race did not face such disparate treatment or unwarranted personnel actions.

61. Plaintiff's sex was a motivating factor of Defendant in engaging in the unlawful employment practices.

62. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her sex.

63. These unlawful employment practices were intentional.

64. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

65. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

66. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

### Count No. 2
### Violations of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.
(Unlawful Discrimination Based on Race)

67. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs (1-54) of this Complaint with the same force and vigor as if set out here in full.

68. Plaintiff is an Hispanic female.

69. Plaintiff's work performance met or exceeded and continues to meet or exceed the performance expectations of Defendant.

70. During Plaintiff's employment, Defendant engaged in unlawful discriminatory employment practices by discriminating against her with respect to the terms and conditions of her employment based on her race.

71. The unlawful employment practices include, without limitation, disparate treatment, denying her training, placing her on administrative leave, demoting her pay, improperly without due process to a lower pay grade, reassigning her from a

full-time regular employee to a part-time employee, and subjecting her to a hostile work environment because of Plaintiff's race.

72. Other similarly situated employees who were not of Plaintiff's race did not face such disparate treatment or unwarranted personnel actions.

73. Plaintiff's race was a motivating factor of Defendant in engaging in the unlawful employment practices.

74. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her race.

75. These unlawful employment practices were intentional.

76. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

77. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

78. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

**Count No. 3**
**<u>Retaliation in Violation of Title VII</u>**
**<u>42 U.S.C. §§ 2000e, et seq.</u>**
**(Retaliation for Engaging in Protected Activity)**

79. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs (1-54) of this Complaint with the same force and vigor as if set out here in full.

80. Title VII prohibits agencies from discriminating against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

81. During Plaintiff's employment she had a good faith belief that Defendant was engaging in discriminatory conduct in violation of Title VII.

82. Plaintiff engaged in protected opposition to Defendant's unlawful employment practices and engaged in lawfully protected EEOC processes as it is undisputed that Complainant engaged in four prior EEOC complaints she filed against the Agency, aside from the instant complaint, which forms the basis for her retaliation basis for this complaint.

83. Defendant's knowledge of Plaintiff's extensive prior protected EEO activity informed and reinforced management's retaliatory animus, which culminated in the materially adverse actions challenged herein.

84. After and in retaliation to Plaintiff's participation in prior EEOC complaints against Defendant and in opposition to what she reasonably believed to be Defendant's unlawful discrimination against her, and her participation in a protected EEOC processes through her four prior EEOC complaints against Defendant, Defendant retaliated against Plaintiff by subjecting her to disparate treatment, denying her training, placing her on administrative leave, demoting her pay, improperly without due process to a lower pay grade, reassigning her from a full-time regular employee to a part-time employee, and subjecting her to a hostile work environment, which has impacted her professional reputation and standing in the Agency.

85. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her race, national origin, and engagement in EEO protected activity/opposing unlawful discrimination.

86. These unlawful employment practices were intentional.

87. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and

psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

88. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

89. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

**Count No. 4**
**Hostile Work Environment in Violation of Title VII**
**42 U.S.C. §§ 2000e, et seq.**
**(Hostile Work Environment for Engaging in Protected Activity and Based on Claims for Discrimination Herein – Sex, Race, and Retaliation)**

90. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs (1-54) of this Complaint with the same force and vigor as if set out here in full.

91. This conduct occurred repeatedly over the course of months, interfered with Plaintiff's ability to perform her duties, undermined her authority and credibility in the workplace, and created an objectively hostile and abusive working environment.

92. Title VII prohibits agencies from causing a hostile work environment for their employees.

93. During Plaintiff's employment she had a good faith belief that Defendant was engaging in discriminatory conduct in violation of Title VII.

94. Plaintiff engaged in protected opposition to Defendant's unlawful employment practices and engaged in lawfully protected EEOC processes as it is undisputed that Complainant engaged in four prior EEOC complaints she filed against the Agency, aside from the instant complaint, which forms the basis for her retaliation basis for this complaint.

95. Defendant's knowledge of Plaintiff's extensive prior protected EEO activity informed and reinforced management's retaliatory animus, which culminated in the materially adverse actions challenged herein.

96. After and in retaliation to Plaintiff's participation in prior EEOC complaints against Defendant and in opposition to what she reasonably believed to be Defendant's unlawful discrimination against her, and her participation in a protected EEOC processes through her four prior EEOC complaints against Defendant, Defendant retaliated against Plaintiff by subjecting her to disparate treatment, denying her training, placing her on administrative leave, demoting her pay, improperly without due process to a lower pay grade, reassigning her from a full-time regular employee to a part-time employee, and subjecting her to a

hostile work environment, which has impacted her professional reputation and standing in the Agency.

97. Defendant has continued to retaliate and discriminate against Plaintiff by protecting a series of such acts of discrimination and/or retaliation against her as stated in this Complaint.

98. The effect of these discriminatory and retaliatory acts deprived Plaintiff of equal employment opportunities and otherwise adversely affected her employment status because of her sex, race/national origin, and engagement in EEO protected activity.

99. These unlawful employment acts and practices were intentional.

100. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

101. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

102. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## **CONCLUSION**

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

a) Plaintiff demands a trial by jury on all issues so triable;

b) Enter judgment on Plaintiff's behalf against Defendant;

c) Enter an Order declaring that Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, and restraining and enjoining Defendant from further violations;

d) Enter an Order that Defendant be required to promulgate an effective policy against such discrimination and to adhere thereto;

e) Enter an Order directing injunctive relief where appropriate and applicable;

f) Award Plaintiff compensatory damages, available under 42 U.S.C. § 1981a, including damages for emotional distress, as well as equitable relief, back pay, front pay, attorney's fees, and costs, in an amount to be determined at trial;

g) Award Plaintiff any and all accrued employment benefits, in an amount to be determined at trial;

h) Award Plaintiff her full costs and reasonable attorney's fees, pre-judgment interest and post-judgement interest, as applicable; and

   i) Grant such other relief as this Court may consider just and proper

Dated: February 17, 2026            Respectfully submitted,

By: /s/ Andi Kasimati

Andi Kasimati
SOLOMON, MAHARAJ & KASIMATI, P.A.
5005 W. Laurel Street, Suite 216
Tampa, FL 33607
Telephone: (813)-497-7650
Facsimile: (813) 434-2386
Email: andi@smkfirm.com
FL BAR No. Fl Bar #: 1007984
*Counsel for Plaintiff*